IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: RS FIT NW, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | Case No. 20-11568 (KBO) |
| ) | |
| ) | |
| AMRITPAL SINGH, ) | |
| ) | |
| Appellant, ) | |
| v. ) | |
| ) | Civ. No. 24-678 (GBW) |
| RS FIT NW, LLC, ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM**

This matter arises out of the chapter 11 cases of RS Fit NW, LLC and All Day Holdings LLC (collectively, the "Reorganized Company") and certain affiliates (together, the "Debtors"). *Pro se* appellant Amritpal Singh ("Appellant") has appealed the Bankruptcy Court's April 23, 2024 Order (Bankr. D.I. 888; A001776-A001778)[1] (the "Disallowance Order"), which disallowed Appellants' proofs of claim asserting claims against the Debtors based on Appellants' purported loss in the value of his gym membership. For the reasons set forth herein, the Court will dismiss the appeal for lack of jurisdiction.

I. **BACKGROUND**

   A. **The Parties**

The Debtors operated fitness clubs known as 24-Hour Fitness. On October 27, 2007, Appellant paid a one-time pre-payment fee of $499.84 to purchase an "All Club Sport" membership

---

[1] The docket of the Chapter 11 case, captioned *In re RS Fit NW, LLC*, No. 20-11568 (KBO) (Bankr. D. Del.), is cited herein as "Bankr. D.I. __." The appendix (D.I. 17) filed in support of the Reorganized Company's answering brief is cited herein as "A__."

1

(the "Membership") at a fitness club owned and operated by the Debtors located in Aurora, Colorado (the "Aurora Club"). (*See* A001798-1813 ("4/23/24 Tr.") at 9:24-10:5.) After the one-time prepayment, Appellant's 24 Hour Fitness membership originally entitled him to a membership for $49 annually. (*See id.*) Appellant paid an annual fee of $49.00 as recently as October 23, 2023. (*See* A001690-A001691.) The Aurora Club temporarily closed in March 2020 due to COVID-19 and closed permanently in June 2020. (*See* 4/23/24 Tr. at 10:6-21.)

On June 15, 2020 (the "Petition Date"), the Debtors commenced voluntary cases under title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court of the District of Delaware (the "Bankruptcy Court") and were authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The bankruptcy filing did not affect Appellants' membership rights. According to the membership agreement (*see* A001450-51, Section 6(a)), Appellant is entitled to cancel this membership subject to certain notice requirements, and can use any 24 Hour Fitness club location. (*Id.* at 10:12-16.) Indeed, after the Aurora Club permanently closed, Appellant continued to use his Membership at another club operated by the Debtor, Tiffany Plaza Sport, located at 7400 E. Hampden Avenue, Denver, Colorado (the "Tiffany Plaza Club"). (*See id.*) As of December 20, 2023, the Debtors' records show that Appellant used the Tiffany Plaza club location as recently as November 2, 2023. (*See id.* at 10:19-21; A001691.) Finally, Appellant's 2020 Membership fee was prorated to $36.39 to account for the time that Appellant was unable to use the Aurora Club and the Tiffany Plaza Club due to COVID-19 related temporary closures. (*See id.* at 10:2-5.)

On August 24, 2020, the Court entered the *Order (I) Establishing a General Bar Date to File Proofs of Claim, (II) Establishing a Bar Date to File Proofs of Claim by Governmental Units, (III) Establishing a Bar Date to File Requests for Payment of Postpetition Administrative Claims,*

2

*(IV) Establishing an Amended Schedules Bar Date, (V) Establishing a Rejection Damages Bar Date, (VI) Approving the Form and Manner for Filing Proofs of Claim, (VII) Approving the Proposed Notice of Bar Dates, (VIII) Approving Procedures with Respect to Service of the Proposed Notice of Bar Dates, and (IX) Granting Related Relief* (the "Bar Date Order") which, among other things, established October 2, 2020, at 5:00 p.m. Eastern Time as the deadline to file proofs of claim for persons or entities, not including Governmental Units as defined in 101(27) of the Bankruptcy Code (the "General Bar Date"). (A000003, A0000010.)

### B. Appellants' Proofs of Claim

Appellant filed the First Membership Claim on October 2, 2020, asserting a general unsecured claim in the amount of $35,000.00 on account of Appellant's "Pre Paid" and "Life Time Membership with 24 Hour [Fitness] all clubs." (*See* A001443-A001454.) Appellant filed the Second Membership Claim on December 3, 2020, after the General Bar Date. (A001455.) The Second Membership Claim appears to assert (i) a priority non-tax claim in the amount of $99,000.00, (ii) a secured claim in the amount of $99,000.00, and (iii) an administrative claim under Section 503(b)(9) of the Bankruptcy Code in the amount of $99,000.00, for an aggregate amount of $297,000.00, on account of his Membership. (A001455-A001463.)

### C. The Plan of Reorganization

On December 22, 2020, the Bankruptcy Court entered an order (A001464) confirming the Debtors' chapter 11 plan of reorganization (A001484-1585) (the "Plan").[2] On December 30, 2020, all conditions precedent to consummation of the Plan were either satisfied or waived in accordance

---

[2] Pursuant to the Purchase Transaction (as defined in the Plan), Debtors 24 Hours Holdings II LLC, 24 Hour Worldwide Inc., and 24 Hour Fitness United States, Inc. were dissolved after the Effective Date. (A001484-A001585.)

3

with Article IX of the Plan, such that the Plan became effective on December 29, 2020 (the "Effective Date"). (*See* A001586-A001595.) The Plan provides:

> Each Membership Agreement to which the Debtors are a party as of the Effective Date shall be deemed an Executory Contract and shall be assumed by the Reorganized Company on behalf of the applicable Debtor effective as of the Effective Date unless such Membership Agreement was terminated pursuant to its terms. Any Cure Claims with respect to Membership Agreements shall be satisfied in kind in the ordinary course of the Reorganized Company's business through dues credits, extension of membership terms, or otherwise, as applicable.

(Plan, Art. IV. S.) Thus, pursuant the Plan, on the Effective Date, the Debtors assumed the lease and obligations associated with the Tiffany Plaza Club and assumed all membership agreements associated therewith, including Appellant's Membership.

### D.     The Objection and the April 23, 2024 Disallowance Order

On December 20, 2023, the Reorganized Company filed an objection to the Singh Claims (A001645-1688) (the "Objection") along with a declaration in support (A001689-1691). Appellant submitted responses to the Objection on December 26, 2023 (A001692-1695) and January 8, 2024 (A001696-1750) (the "Responses"). By order dated March 22, 2024, the Bankruptcy Court scheduled a status conference for March 27, 2024 and directed that parties attend remotely through instructions provided in the order. (A001751.) The status conference was held on March 27, 2024, but Appellant failed to appear at this status conference. (*See* A001754-1767 ("3/27/24 Tr.").) During this conference, an evidentiary hearing was scheduled for April 23, 2024. (*See* 3/27/24 Tr. at 5-6.) Appellant again failed to appear for the evidentiary hearing on April 23, 2024. (*See* A001798-1813.) On April 23, 2024, the Bankruptcy Court issued the Disallowance Order, sustaining Reorganized Company's objection to the Singh Claims. (A001776-1778.)

4

### E. The May 14, 2024 Letter Request and the May 17, 2024 Order

On May 14, 2024, the Bankruptcy Court received a submission from Appellant (Bankr. D.I. 897; A001814-1833) (the "May 14 Letter Request"). While it is unclear what relief is sought in the May 14 Letter Request, the Bankruptcy Court construed it as a request for another hearing on Appellants' Claims and the Reorganized Company's Objection, and on May 17, 2024, the Bankruptcy Court issued its order denying that request (Bankr. D.I. 902; A001834-1835 (the "May 17, 2024 Order")).

### F. The June 3, 2024 Notice of Appeal

On June 3, 2024, Appellant filed a notice of appeal attaching the May 17, 2024 Order (D.I. 1; A001836-1842.) Appellant subsequently failed to file a statement of issues to be presented on appeal and a designation of items to be included in the record on appeal as required by Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure. On July 5, 2024, the Reorganized Company filed a counterstatement of issues to be presented on appeal and a designation of items to be included in the record on appeal. (D.I. 5.) On November 13, 2025, Appellant filed his opening brief. (D.I. 15.) On December 12, 2024, the Reorganized Company filed its answering brief and accompanying appendix. (D.I. 16, 17.) The docket reflects that no reply was filed by Appellant. On April 1, 2025, Appellant filed a letter to the Court noting the urgency of his appeal of the Disallowance Order, based on his "injury & disability," and requesting a "decision as soon as possible." (*See* D.I. 19). Neither party requested oral argument. Neither party addressed the timeliness of the appeal.

## II.   JURISDICTION

The Court has appellate jurisdiction over all final orders and judgments from the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1). "An order allowing or disallowing a claim is a final, appealable

5

order." *In re Prosser*, 388 F. App'x 101, 102 n.1 (3d Cir. 2010) (quoting *Orsini Santos v. Mender*, 349 B.R. 762, 768 (1st Cir. BAP 2006)).

Although the Bankruptcy Rules alone cannot create or withdraw jurisdiction, Congress has limited the jurisdiction of this Court to hear an appeal from a final order of a Bankruptcy Court by specifically incorporating the time limits of Bankruptcy Rule 8002 in the jurisdictional grant to the district courts to hear appeals from bankruptcy courts. Section 158(c)(2) of title 28 provides that "[a]n appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts ***and in the time provided by Rule 8002 of the Bankruptcy Rules***." 28 U.S.C. § 158(c)(2) (emphasis added). Bankruptcy Rule 8002(a)(1) provides: "Except as (b) and (c) provide otherwise, a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). Here, the Disallowance Order was issued on April 23, 2024, and the Notice of Appeal was not filed until June 3, 2024—six weeks later.

Subsection (b)(1) of Bankruptcy Rule 8002 provides, however, that "[i]f a party files in the bankruptcy court any of the following motions—and does so within the time allowed by these rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion," and then lists the following motions: (A) to amend or make additional findings; (B) to alter or amend the judgment under Bankruptcy Rule 9023; (C) for a new trial under Bankruptcy Rule 9023; or (D) for relief under Bankruptcy Rule 9024 if the motion is filed within 14 days after the judgment is entered. *See* Fed. R. Bankr. P. 8002(b)(1). Thus, a party may toll the 14-day appellate deadline by timely filing a motion for a new trial or to alter or amend the judgment under Bankruptcy Rule 9023. Fed. R. Bankr. P. 8002(b)(1)(B)-(C). Bankruptcy Rule 9023 requires that any such motion must be filed within 14 days after the judgment is entered. *See* Fed. R. Bankr. P. 9023(b).

Here, the 14-day appellate deadline began on the date of the issuance of the Disallowance Order—April 23, 2024—in accordance with Bankruptcy Rule 8002(b). As noted above, a party may toll the 14-day deadline by timely filing a motion under Bankruptcy Rule 9023. *See* Fed. R. Bankr. P. 8002(b)(1). In such cases, the time to file an appeal runs "from entry of the order disposing of the last such remaining motion." *See* Fed. R. Bankr. P. 8002(b).

Although extremely difficult to comprehend, construing it liberally,[3] it is possible that Appellants' May 14 Letter Request could be construed as a motion for a new trial or to alter or amend the Disallowance Order filed pursuant to Bankruptcy Rule 9023. (*See* A001816-17 (requesting a hearing date, that the Court "update the amount" and "you can closed [sic] all another [sic] claims").) But even setting aside the issue of whether Appellant's May 17, 2024 Letter Request is properly construed as such, any request for relief under Bankruptcy Rule 9023 made on May 14, 2024 would have been untimely, as it was filed more than 14 days after the Disallowance Order was issued on April 23, 2024. *See* Fed. R. Bankr. P. 9023 ("A motion for a new trial or to alter or amend a judgment must be filed within 14 days after the judgment is entered.") Because the May 14 Letter Request was untimely, it did not extend the deadline under Bankruptcy Rule 8002 to file a notice of appeal. *See In re Memorex Telex Corp.,* 241 B.R. 841, 844 (D. Del. 1999) ("an untimely filed motion for reargument or motion to alter or amend judgment will not toll the time for an appeal.")[4]

---

[3] "[Appellant] proceeds *pro se*, and accordingly, we construe his pleadings liberally." *See Laughlin v. Peck,* 552 Fed. App'x 188, 190 (3d Cir. 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)). While parties appearing pro se are afforded a greater degree of leniency and their pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," litigants must still "abide by the same rules that apply to all other litigants." *See Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013).

[4] Moreover, even assuming the May 14 Letter Request had been filed within the 14-day period provided in Bankruptcy Rule 9023, tolling the deadline to file an appeal until the May 17, 2024 Order denying relief was issued, the Notice of Appeal would remain untimely. Assuming the 14-day deadline should run from the issuance of the May 17, 2024 Order, the deadline to file an appeal would be May 31, 2024. Here, the Notice of Appeal was not filed until June 3, 2024.

7

The Third Circuit has held that the failure to appeal a bankruptcy court's ruling to the district court within the time period established by Bankruptcy Rule 8002 deprives the district court of jurisdiction to hear an appeal. *See In re Caterbone*, 640 F.3d 108, 111-13 (3d Cir. 2011) (citing *S'holders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997); *Whitemere Dev. Corp., Inc. v. Cherry Hill Twp.*, 786 F.2d 185, 187 (3d Cir. 1986); *In re Universal Minerals Inc.* 755 F.2d 309, 311 (3d Cir. 1985)). In *Caterbone*, the court stated:

> Because [28 U.S.C.] Section 158 … specifies the time within which an appeal must be taken – i.e., "in the time provided by Rule 8002" – that requirement is jurisdictional … Here, even though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable.

*Id.* at 111-12.

Finally, Bankruptcy Rule 8002(d) provides that, with certain exceptions not applicable here, the Bankruptcy Court "may, on motion, extend the time to file a notice of appeal if the motion is filed: (A) within the time allowed by this rule; or (B) within 21 days after that time expires if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Thus, Bankruptcy Rule 8002(d) requires that, even in cases of excusable neglect, the issue must be raised and a motion filed within 21 days following the expiration of the 14-day appeal period. The docket reflects that on June 27, 2024, the Bankruptcy Court received a submission from Appellant titled "Motion to Appeal[] After 4/23/2024," which was docketed in this Court the next day on June 28, 2024[5] (D.I. 3) (the "June 27 Submission"). Although not entirely clear, this document appears to be directed to this Court ("Honorable District Court Judge Gregory B. Williams") and appears to assert that (i) Appellant had difficulty joining the April 23, 2024 hearing by zoom or telephone,

---

[5] The June 27 Submission does not appear to have been docketed by the Bankruptcy Court. Rather, the bankruptcy docket reflects the June 3, 2024 Notice of Appeal as Appellant's most recent filing.

and (ii) Appellant has suffered head and spinal cord injuries requiring medication and additional surgeries. *(See id.* at pp. 4-5 of 6).

Construing the submission liberally, as this Court is required to do, the June 27 Submission may be construed as a motion to extend the time to file a notice of appeal based on excusable neglect pursuant to Bankruptcy Rule 8002(d)(1)(B). While the Bankruptcy Court was authorized to extend the time to appeal upon a showing of excusable neglect, Appellant was required to make this request by filing a motion within 21 days after the time for taking an appeal had expired. Fed. R. Bankr. P. 8002(d)(1)(B). The 14-day period to appeal the April 23, 2024 Disallowance Order expired on May 7, 2024. Thus, the additional 21-day period to request an extension of time to appeal, and demonstrate excusable neglect, expired on May 28, 2024—approximately one month before the June 27 Submission was received by the Bankruptcy Court. Notably, "[t]he rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired." *See Caterbone*, 640 F.3d at 113-14. Therefore, even assuming the Bankruptcy Court had considered the June 27 Submission as a motion to extend the time to file a notice of appeal based on excusable neglect pursuant to Bankruptcy Rule 8002(d)(1)(B), the Bankruptcy Court would not have been able to grant relief regardless of whether Appellant might have demonstrated excusable neglect. *See, e.g., Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005).

### III. CONCLUSION

While the Court is sympathetic to Appellant's medical condition, and the challenges of pursuing relief on a *pro se* basis, the appeal's jurisdictional defect is non-waivable. Having failed to file a timely notice of appeal and having failed to make a showing of excusable neglect for the

untimely filing within the time frame set forth in Bankruptcy Rule 8002(d)(1)(B), this Court lacks jurisdiction to hear the appeal, and the appeal must be dismissed.[6] An appropriate order follows.

```
_____
       UNITED STATES DISTRICT JUDGE
```

---

[6] As the Court is without jurisdiction to consider the appeal, the Court has no occasion to address the many substantive arguments raised in the Reorganized Company's answering brief.