IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: RS FIT NW, LLC, | ) | Chapter 11 |
| Debtor. | ) | Case No. 20-11568 (KBO) |
| AMRITPAL SINGH, | ) | |
| Appellant, | ) | |
| v. | ) | Civ. No. 24-678 (GBW) |
| RS FIT NW, LLC, | ) | |
| Appellee. | ) | |

**MEMORANDUM**

This matter arises out of the chapter 11 cases of RS Fit NW, LLC and All Day Holdings LLC (collectively, the "Reorganized Company") and certain affiliates (together, the "Debtors"). *Pro se* appellant Amritpal Singh ("Appellant") appealed the Bankruptcy Court's April 23, 2024 Order (Bankr. D.I. 888; A001776-A001778)[1] (the "Disallowance Order"), which disallowed Appellants' proofs of claim. The proofs of claims, which sought to recover Appellants' purported loss in the value of his gym membership, were disallowed as lacking any legal basis for such recovery. On August 25, 2025, this Court issued a Memorandum and Order dismissing the appeal for lack of jurisdiction, as the appeal was untimely. (D.I. 20, 21.) Following the dismissal of his appeal, on September 9, 2025, Appellant filed a letter with this Court, and construing that letter liberally,[2] the Court interprets it as a motion for rehearing pursuant to Federal Rule of Bankruptcy

[1] The docket of the Chapter 11 case, captioned *In re RS Fit NW, LLC,* No. 20-11568 (KBO) (Bankr. D. Del.), is cited herein as "Bankr. D.I. __." The appendix (D.I. 17) filed in support of the Reorganized Company's answering brief is cited herein as "A__."

[2] "[Appellant] proceeds *pro se*, and accordingly, we construe his pleadings liberally." *See Laughlin v. Peck*, 552 Fed. App'x 188, 190 (3d Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). While parties appearing pro se are afforded a greater degree of leniency and their pleadings

Procedure 8022 (D.I. 22) (the "Motion for Rehearing"). Although very difficult to comprehend, the Motion for Rehearing does not appear to present any new facts or evidence, or argue any misunderstanding or other error, in connection with the Court's jurisdictional ruling. Rather, the Motion for Rehearing appears to assert substantive arguments that go to the merits of his appeal of the Disallowance Order, including that (1) his second proof of claim, filed after the bar date, was intended only to amend the amount set forth in his timely original proof of claim, and that he only asserts one claim based on his gym membership in the amount of $297,000.00; (2) that he was unable to join the evidentiary hearing via Zoom and unable to attend in person due to the distance and physical injuries or limitations; and (3) that the Debtors closed additional gym locations during the reorganization. Assuming Appellant is correct on all of these points, none have any bearing on the Court's dismissal of his untimely appeal for lack of jurisdiction. As the Court is without jurisdiction to consider the appeal, the Court has no occasion to address any of Appellant's arguments as to the disallowance of his claims. For the reasons set forth herein, the Court will deny the Motion for Rehearing.

## I. BACKGROUND

### A. The Parties and the Chapter 11 Cases

The Debtors operated fitness clubs known as 24-Hour Fitness. On October 27, 2007, Appellant paid a one-time pre-payment fee of $499.84 to purchase an "All Club Sport" membership (the "Membership") at a fitness club owned and operated by the Debtors located in Aurora, Colorado (the "Aurora Club"). (*See* A001798-1813 ("Apr. 23, 2024 Hr'g Tr.") at 9:24-10:5.) After the one-time prepayment, Appellant's 24 Hour Fitness membership originally entitled him to a membership

---

are held to "less stringent standards than formal pleadings drafted by lawyers," litigants must still "abide by the same rules that apply to all other litigants." *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

for $49 annually. (*See id.*) Appellant paid an annual fee of $49.00 as recently as October 23, 2023. (*See* A001690-A001691.) The Aurora Club temporarily closed in March 2020 due to COVID-19 and closed permanently in June 2020. (*See id.* at 10:6-21.)

On June 15, 2020 ("Petition Date"), Debtors filed voluntary chapter 11 petitions for relief in the Bankruptcy Court and were authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The bankruptcy filing did not affect Appellants' membership rights. According to the membership agreement (*see* A001450-51, Section 6(a)), Appellant is entitled to cancel this membership subject to certain notice requirements, and can use any 24 Hour Fitness club location. (Apr. 23, 2024 Hr'g Tr. at 10:12-16.) Indeed, after the Aurora Club permanently closed, Appellant continued to use his Membership at another club operated by the Debtor, Tiffany Plaza Sport, located at 7400 E. Hampden Avenue, Denver, Colorado (the "Tiffany Plaza Club"). (*See id.*) As of December 20, 2023, the Debtors' records show that Appellant used the Tiffany Plaza club location as recently as November 2, 2023. (*See id.* at 10:19-21; A001691.) Finally, Appellant's 2020 Membership fee was prorated to $36.39 to account for the time that Appellant was unable to use the Aurora Club and the Tiffany Plaza Club due to COVID-19 related temporary closures. (*See id.* at 10:2-5.)

On August 24, 2020, the Bankruptcy Court entered an order (the "Bar Date Order") which, among other things, established October 2, 2020, at 5:00 p.m. Eastern Time as the deadline to file proofs of claim for persons or entities, not including Governmental Units as defined in section 101(27) of the Bankruptcy Code (the "General Bar Date").

**B. Appellants' Proofs of Claim**

Appellant filed the First Membership Claim on October 2, 2020, asserting a general unsecured claim in the amount of $35,000.00 on account of Appellant's "Pre Paid" and "Life Time

Membership with 24 Hour [Fitness] all clubs." (*See* A001443-A001454.) Appellant filed the Second Membership Claim on December 3, 2020, after the General Bar Date. (A001455.) The Second Membership Claim appears to assert (i) a priority non-tax claim in the amount of $99,000.00, (ii) a secured claim in the amount of $99,000.00, and (iii) an administrative claim under Section 503(b)(9) of the Bankruptcy Code in the amount of $99,000.00, for an aggregate amount of $297,000.00, on account of his Membership. (A001455-A001463.) Appellant's Motion for Rehearing contends that he asserts only one proof of claim, and the Second Membership Claim was intended as an amendment of the First Membership Claim, amending the claim amount (and classification). (*See* D.I. 22 at 2-3.) The Second Membership Claim indicates that it amends a prior proof of claim. (*See* Bankr. D.I. 817-5.)

**C. The Plan of Reorganization**

On December 22, 2020, the Bankruptcy Court entered an order (A001464) confirming the Debtors' chapter 11 plan of reorganization (A001484-1585) (the "Plan").[3] On December 30, 2020, all conditions precedent to consummation of the Plan were either satisfied or waived in accordance with Article IX of the Plan, such that the Plan became effective on December 29, 2020 (the "Effective Date"). (*See* A001586-A001595.) The Plan provides:

> Each Membership Agreement to which the Debtors are a party as of the Effective Date shall be deemed an Executory Contract and shall be assumed by the Reorganized Company on behalf of the applicable Debtor effective as of the Effective Date unless such Membership Agreement was terminated pursuant to its terms. Any Cure Claims with respect to Membership Agreements shall be satisfied in kind in the ordinary course of the Reorganized Company's business through dues credits, extension of membership terms, or otherwise, as applicable.

[3] Pursuant to the Purchase Transaction (as defined in the Plan), Debtors 24 Hours Holdings II LLC, 24 Hour Worldwide Inc., and 24 Hour Fitness United States, Inc. were dissolved after the Effective Date. (A001484-A001585.)

(Plan, Art. IV. S.) Thus, pursuant the Plan, on the Effective Date, the Debtors assumed the lease and obligations associated with the Tiffany Plaza Club and assumed all membership agreements associated therewith, including Appellant's Membership. Appellant's Motion for Rehearing contends that that Tiffany Plaza Club has since closed. (D.I. 22 at 2-3.)

**D. The Objection and the April 23, 2024 Disallowance Order**

On December 20, 2023, the Reorganized Company filed an objection to the Appellant's Claims (Bankr. D.I. 817) (the "Objection") along with a declaration in support (Bankr. D.I. 817-3). The Objection explained that, pursuant to the Plan, any Membership Agreement not "terminated pursuant to its terms" was assumed by the Reorganized Company. (Objection at 6 (citing Plan, Art. IV.S.) "As a result, and on account of the Debtors' assumption of the Tiffany Plaza Club and Claimant's Membership not being terminated, Claimant's Membership was assumed, and is currently active, and therefore, Claimant's First Membership Claim is unenforceable pursuant to section 502(b)(1) of the Bankruptcy Code, which provides that a claim must be disallowed if it is unenforceable against a debtor and property of the debtor under any agreement or applicable law. 11 U.S.C. § 502(b)(1). The Objection further asserted that, "[t]o the extent the Second Membership Claim is not disallowed on account of it being late-filed or duplicative, the Second Membership Claim must be disallowed for similar reasons that the First Membership Claim must be disallowed: (i) Claimant's Membership remains active; (ii) Claimant continues to use his Membership; and (iii) Claimant was reimbursed for the period he was unable to use his Membership due to the COVID-19 pandemic. Accordingly, Claimant … does not have an enforceable claim on account of his Membership." (Bankr. D.I. 817 at 7 (*See* David Declaration ¶¶ 4–6.)

Appellant submitted responses to the Objection on December 26, 2023 (A001692-1695) and January 8, 2024 (A001696-1750) (the "Responses"). By order dated March 22, 2024, the Bankruptcy Court scheduled a status conference for March 27, 2024 and directed that parties attend

remotely through instructions provided in the order. (A001751.) The status conference was held on March 27, 2024, but Appellant failed to appear. (*See* A001754-1767 ("Mar. 27, 2024 Hr'g Tr.").) During this status conference, an evidentiary hearing was scheduled for April 23, 2024. (*See id.* at 5-6.) Appellant failed to appear for the evidentiary hearing on April 23, 2024. (*See* Bankr. D.I. 892 (Apr. 23, 2024 Hr'g Tr.) at 8 (COURT: "[T]he Court set today as the evidentiary hearing on the claims objection then entered a subsequent scheduling order and directed overnight service of that order on Mr. Singh. My courtroom deputy followed up that service with an email service of the order on Mr. Singh, per his request. The record reflects that Mr. Singh has not appeared at today's hearing to prosecute his objection to the debtor's request to disallow his claims. My courtroom deputy registered Mr. Singh for this hearing using eCourt Appearances and emailed him the access information pursuant to the court's procedures after 4 p.m. yesterday.") The Bankruptcy Court proceeded to rule from the bench on the Objection. Based on its review of "Mr. Singh's claims and their attachments, the claims objection, and the evidence submitted therewith, and Mr. Singh's responses," the Court determined to "disallow the claims, as there is no legal basis for them." (*Id.* at 9; see id. at 10-11 (explaining that while his claims are "based upon an undisputed pre-petition membership that he purchased for the debtor's fitness clubs," the Debtors' bankruptcy "did not affect [his] membership rights," which "membership is still active," and "Mr. Singh offers no basis to support the amounts he asserts the debtors owe him," which the Bankruptcy Court was "unable to discern one after an independent review of the submissions.") On April 23, 2024, the Bankruptcy Court issued the Disallowance Order, sustaining Reorganized Company's objection to Appellant's Claims. (A001776-1778.)

**E. The May 14, 2024 Letter Request and the May 17, 2024 Order**

On May 14, 2024, the Bankruptcy Court received a submission from Appellant (Bankr. D.I. 897; A001814-1833) (the "May 14 Letter Request"). While it is unclear what relief is sought in the

May 14 Letter Request, the Bankruptcy Court construed it as a request for another hearing on Appellants' Claims and the Reorganized Company's Objection, and on May 17, 2024, the Bankruptcy Court issued its order denying that request (Bankr. D.I. 902; A001834-1835 (the "May 17, 2024 Order")).

### F. The June 3, 2024 Notice of Appeal

On June 3, 2024, Appellant filed a notice of appeal attaching the May 17, 2024 Order (D.I. 1; A001836-1842.) Appellant subsequently failed to file a statement of issues to be presented on appeal and a designation of items to be included in the record on appeal as required by Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure. On July 5, 2024, the Reorganized Company filed a counterstatement of issues to be presented on appeal and a designation of items to be included in the record on appeal. (D.I. 5.) On November 13, 2025, Appellant filed his opening brief. (D.I. 15.) On December 12, 2024, the Reorganized Company filed its answering brief and accompanying appendix. (D.I. 16, 17.) The docket reflects that no reply was filed by Appellant. On April 1, 2025, Appellant filed a letter to the Court noting the urgency of his appeal of the Disallowance Order, based on his "injury & disability," and requesting a "decision as soon as possible." (*See* D.I. 19). Neither party requested oral argument. Neither party addressed the timeliness of the appeal.

### G. This Court's Dismissal Order

On August 25, 2025, the Court issued a Memorandum (D.I. 20) and Order (D.I. 21) (the "Dismissal Order") dismissing the appeal for lack of jurisdiction on the basis that the appeal was untimely. As the Memorandum explained, although the Bankruptcy Rules alone cannot create or withdraw jurisdiction, Congress has limited the jurisdiction of this Court to hear an appeal from a final order of a Bankruptcy Court by specifically incorporating the time limits of Bankruptcy Rule 8002 in the jurisdictional grant to the district courts to hear appeals from bankruptcy courts. Section

158(c)(2) of title 28 provides that "[a]n appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts ***and in the time provided by Rule 8002 of the Bankruptcy Rules***." 28 U.S.C. § 158(c)(2) (emphasis added). Bankruptcy Rule 8002(a)(1) provides: "Except as (b) and (c) provide otherwise, a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). Here, the Disallowance Order was issued on April 23, 2024, and the Notice of Appeal was not filed until June 3, 2024—six weeks later.

Subsection (b)(1) of Bankruptcy Rule 8002 provides, however, that "[i]f a party files in the bankruptcy court any of the following motions—and does so within the time allowed by these rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion," and then lists the following motions: (A) to amend or make additional findings; (B) to alter or amend the judgment under Bankruptcy Rule 9023; (C) for a new trial under Bankruptcy Rule 9023; or (D) for relief under Bankruptcy Rule 9024 if the motion is filed within 14 days after the judgment is entered. *See* Fed. R. Bankr. P. 8002(b)(1). Thus, a party may toll the 14-day appellate deadline by timely filing a motion for a new trial or to alter or amend the judgment under Bankruptcy Rule 9023. Fed. R. Bankr. P. 8002(b)(1)(B)-(C). Bankruptcy Rule 9023 requires that any such motion must be filed within 14 days after the judgment is entered. *See* Fed. R. Bankr. P. 9023(b).

Here, the 14-day appellate deadline began on the date of the issuance of the Disallowance Order—April 23, 2024—in accordance with Bankruptcy Rule 8002(b). As noted above, party may toll the 14-day deadline by timely filing a motion under Bankruptcy Rule 9023. *See* Fed. R. Bankr. P. 8002(b)(1). In such cases, the time to file an appeal runs "from entry of the order disposing of the last such remaining motion." *See* Fed. R. Bankr. P. 8002(b).

Although extremely difficult to comprehend, construing it liberally, it is possible that Appellants' May 14 Letter Request could be construed as a motion for a new trial or to alter or amend the Disallowance Order filed pursuant to Bankruptcy Rule 9023. (*See* A001816-17 (requesting a hearing date, that the Court "update the amount" and "you can closed [sic] all another [sic] claims").) But even setting aside the issue of whether Appellant's May 17, 2024 Letter Request is properly construed as such, any request for relief under Bankruptcy Rule 9023 made on May 14, 2024 would have been untimely, as it was filed more than 14 days after the Disallowance Order was issued on April 23, 2024. *See* Fed. R. Bankr. P. 9023 ("A motion for a new trial or to alter or amend a judgment must be filed within 14 days after the judgment is entered.") Because the May 14 Letter Request was untimely, it did not extend the deadline under Bankruptcy Rule 8002 to file a notice of appeal. *See In re Memorex Telex Corp.*, 241 B.R. 841, 844 (D. Del. 1999) ("an untimely filed motion for reargument or motion to alter or amend judgment will not toll the time for an appeal.")[4]

The Third Circuit has held that the failure to appeal a bankruptcy court's ruling to the district court within the time period established by Bankruptcy Rule 8002 deprives the district court of jurisdiction to hear an appeal. *See In re Caterbone*, 640 F.3d 108, 111-13 (3d Cir. 2011) (citing *S'holders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997); *Whitemere Dev. Corp., Inc. v. Cherry Hill Twp.*, 786 F.2d 185, 187 (3d Cir. 1986); *In re Universal Minerals Inc.* 755 F.2d 309, 311 (3d Cir. 1985)). In *Caterbone*, the court stated:

> Because [28 U.S.C.] Section 158 … specifies the time within which an appeal must be taken – i.e., "in the time provided by Rule 8002" – that requirement is jurisdictional … Here, even though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable.

---

[4] Moreover, even assuming the May 14 Letter Request had been filed within the 14-day period provided in Bankruptcy Rule 9023, tolling the deadline to file an appeal until the May 17, 2024 Order denying relief was issued, the Notice of Appeal would remain untimely. Assuming the 14-day deadline should run from the issuance of the May 17, 2024 Order, the deadline to file an appeal would be May 31, 2024. Here, the Notice of Appeal was not filed until June 3, 2024.

*Id.* at 111-12.

Finally, Bankruptcy Rule 8002(d) provides that, with certain exceptions not applicable here, the Bankruptcy Court "may, on motion, extend the time to file a notice of appeal if the motion is filed: (A) within the time allowed by this rule; or (B) within 21 days after that time expires if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Thus, Bankruptcy Rule 8002(d) requires that, even in cases of excusable neglect, the issue must be raised and a motion filed within 21 days following the expiration of the 14-day appeal period. The docket reflects that on June 27, 2024, the Bankruptcy Court received a submission from Appellant titled "Motion to Appeal[] After 4/23/2024," which was docketed in this Court the next day on June 28, 2024[5] (D.I. 3) (the "June 27 Submission"). Although not entirely clear, this document appears to be directed to this Court ("Honorable District Court Judge Gregory B. Williams") and appears to assert that (i) Appellant had difficulty joining the April 23, 2024 hearing by zoom or telephone, and (ii) Appellant has suffered head and spinal cord injuries requiring medication and additional surgeries. (*See id.* at pp. 4-5 of 6).

Construing the submission liberally, as this Court is required to do, the June 27 Submission may be construed as a motion to extend the time to file a notice of appeal based on excusable neglect pursuant to Bankruptcy Rule 8002(d)(1)(B). While the Bankruptcy Court was authorized to extend the time to appeal upon a showing of excusable neglect, Appellant was required to make this request by filing a motion within 21 days after the time for taking an appeal had expired. Fed. R. Bankr. P. 8002(d)(1)(B). The 14-day period to appeal the April 23, 2024 Disallowance Order expired on May 7, 2024. Thus, the additional 21-day period to request an extension of time to appeal, and

[5] The June 27 Submission does not appear to have been docketed by the Bankruptcy Court. Rather, the bankruptcy docket reflects the June 3, 2024 Notice of Appeal as Appellant's most recent filing.

demonstrate excusable neglect, expired on May 28, 2024—approximately one month before the June 27 Submission was received by the Bankruptcy Court. Notably, "[t]he rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired." *See Caterbone*, 640 F.3d at 113-14. Therefore, even assuming the Bankruptcy Court had considered the June 27 Submission as a motion to extend the time to file a notice of appeal based on excusable neglect pursuant to Bankruptcy Rule 8002(d)(1)(B), the Bankruptcy Court would not have been able to grant relief regardless of whether Appellant might have demonstrated excusable neglect. *See, e.g., Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005).

Accordingly, on August 25, 2025, the Court issued the Dismissal Order dismissing the appeal for lack of jurisdiction.

## II. JURISDICTION

The Court has appellate jurisdiction over all final orders and judgments from the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1). "An order allowing or disallowing a claim is a final, appealable order." *In re Prosser*, 388 F. App'x 101, 102 n.1 (3d Cir. 2010) (quoting *Orsini Santos v. Mender,* 349 B.R. 762, 768 (1st Cir. BAP 2006)). As the Third Circuit has held, the failure to appeal a bankruptcy court's ruling to the district court within the time period established by Bankruptcy Rule 8002 deprives the district court of jurisdiction to hear an appeal. *See In re Caterbone*, 640 F.3d at 111-13. As the Cout has previously determined, this appeal is untimely.

## III. ANALYSIS

Pursuant to Federal Rule of Bankruptcy Procedure 8022, a motion for rehearing must be filed within 14 days after a judgment on appeal is entered, unless the court orders otherwise. Fed. R. Bankr. P. 8022(a)(1). The Motion for Rehearing, filed on September 9, 2025, was filed 15 days after the Court's entry on August 25, 2025 of the Dismissal Order. Setting aside the issue of timeliness, a motion for rehearing "must state with particularity each point of law or fact that the

movant believes the district court … has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). Rehearing under Bankruptcy Rule 8022 is appropriate when: (1) the court has patently misunderstood a party, (2) the court has made a decision outside the adversarial issues presented ... by the parties; (3) the court has made an error not of reasoning but of apprehension; or (4) there has been a controlling or significant change in the law or facts since the submission of the issue to the Court." *In re Lau*, 684 F. App'x 235, 239 (3d Cir. 2017). Rehearing is also appropriate when there is a "need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for rehearing does not permit parties to recycle cases and arguments which the District Court already rejected in rendering its original decision." *In re Lau,* 684 F. Appx at 239.

The Motion for Rehearing disagrees with the Dismissal Order but does not identify any error in the ruling or misunderstanding by the Court, nor does it assert new facts or evidence, or set forth any change in the applicable law. Indeed, while difficult to comprehend, all of Appellant's arguments appear to relate to the merits of his appeal of the Disallowance Order—not this Court's dismissal of his appeal for lack of jurisdiction. For example, Appellant appears to argue that the Second Membership Claim, filed after the General Bar Date, was intended only to amend the amount set forth in his timely First Membership Claim. (*See* D.I. 22 at 2-3; D.I. 22-1 at 6 of 10 ("I am requesting pay one claim $297,000.00 or set a new trial).[6] Appellant further asserts that the Debtors closed additional gym locations during the reorganization, including the Tiffany Plaza Club. (*See* D.I. 22-1 at 2-3 of 10). Appellant further argues that he was unable to join the April 23, 2024

[6] As set forth in the Bankruptcy Court's bench ruling, neither of Appellant's filed claims were disallowed as untimely; rather, they were disallowed because they lacked any legal basis which would entitle him to recovery under his gym membership contract.

evidentiary hearing via Zoom because the court did not let him in. (*See id.* at 3). Even assuming all of these arguments are correct, they go to the merits of his appeal; none of these arguments has any bearing on the Court's lack of jurisdiction to hear an untimely appeal.

## IV. CONCLUSION

Having failed to file a timely notice of appeal and having failed to make a showing of excusable neglect for the untimely filing within the time frame set forth in Bankruptcy Rule 8002(d)(1)(B), this Court lacks jurisdiction to hear the appeal. As noted in the Memorandum, while the Court is sympathetic to the challenges faced by *pro se* litigants, the defect is jurisdictional and non-waivable. As to this Court's jurisdictional ruling, the Motion for Rehearing identifies no misunderstanding, legal error, or controlling or significant change in the law or facts that would render his appeal timely. Accordingly, the Motion for Rehearing will be denied. An appropriate Order follows.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE